UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 17, 2013

LETTER TO COUNSEL:

    RE:    *Virginia Thomas v. Commissioner, Social Security Administration*;
              Civil No. SAG-11-3587

Dear Counsel:

    On December 14, 2011, the Plaintiff, Virginia Thomas, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Ms. Thomas filed her claim on July 14, 2009, alleging disability beginning on June 6, 2009. (Tr. 132-35). Her claim was denied initially on February 2, 2010, and on reconsideration on August 26, 2010. (Tr. 80-84, 86-87). A hearing was held on July 28, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 31-61). Following the hearing, on September 8, 2011, the ALJ determined that Ms. Thomas was not disabled during the relevant time frame. (Tr. 10-30). The Appeals Council denied Ms. Thomas's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Thomas suffered from the severe impairments of degenerative disc disease and depression. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Thomas retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant can lift and carry 20 pounds occasionally, 10 pounds frequently, can stand for 20-30 minutes, sit for 20-30 minutes consistently on an alternate basis 8 hours a day 5 days a week. The claimant should avoid stair climbing, ropes and ladders, heights and hazardous machinery, temperature and humidity extremes. The claimant is limited to jobs that require little writing or fine dexterity or manipulation and do not require keen audio acuity. The claimant is limited to simple, routine, unskilled jobs that involve low concentration, stress and memory defined as one

*Virginia Thomas v. Commissioner, Social Security Administration*
Civil No. SAG-11-3587
January 17, 2013
Page 2

>    or two step tasks, no production rate jobs, that require little decision-making, changes in the work setting or judgment with little or no interaction with the public, supervisors or coworkers.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Thomas could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 24-25).

Ms. Thomas raises two issues on appeal. She contends that the ALJ erred at Step Two by not finding her carpal tunnel syndrome to be severe, and she contends that the ALJ failed to make a precise assignment of weight to Dr. Tanman's opinion. Neither argument is persuasive.

Ms. Thomas submits that the ALJ should have found her carpal tunnel syndrome to be a severe impairment at Step Two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). The ALJ expressly considered Ms. Thomas's carpal tunnel syndrome, and determined it to be non-severe, citing to medical evidence of record. (Tr. 15). Ms. Thomas correctly notes that, in the Step Two analysis, the ALJ does not address all of the medical evidence pertaining to her use of her hands. Pl. Mot. 7. However, even if I were to agree that the ALJ erred in his evaluation of the impairment at Step Two, such error would be harmless. Because Ms. Thomas made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Thomas's ability to work. *See* 20 C.F.R. § 404.1523. In fact, the ALJ even included a limitation pertaining to Ms. Thomas's carpal tunnel syndrome in her RFC. *See* SSR 96-8p, 1996 WL 374184, *5 (1996) (stating that "in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). The analysis supporting the RFC determination evidences a complete consideration of the medical evidence relating to Ms. Thomas's hand impairment, and the RFC determination is supported by substantial evidence. Accordingly, I find no basis for remand.

Ms. Thomas's other argument is that the ALJ's assignment of weight to Dr. Tanman's opinion was inadequate because he simply assigned "weight," without specifying a precise amount of weight. Pl. Mot. 8. Although the ALJ certainly could have been more descriptive, in the context of the ALJ's extensive review of the medical source opinions, the assignment of weight was sufficiently descriptive to permit review. It is clear from the ALJ's analysis that he reviewed and summarized Dr. Tanman's opinion, and gave it weight to the extent it was consistent with the RFC the ALJ had found, giving no weight to inconsistent portions. Moreover, given the ALJ's assignments of weight to the other medical sources, substantial evidence would support the ALJ's determination regardless of an assignment of "great weight" or "no weight" to Dr. Tanman's opinion.

*Virginia Thomas v. Commissioner, Social Security Administration*
Civil No. SAG-11-3587
January 17, 2013
Page 3

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 16) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge